# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JAYVELL-JONES:WASHINGTON,
    *Plaintiff,*

v.

JUDGE MARIA ARAUJU KAHN, *et al.*
    *Defendants.*

No. 3:17-cv-01956 (JAM)

## INITIAL REVIEW ORDER

    Plaintiff Jayvell-Jones:Washington, who was incarcerated when he filed this action but currently resides in Bridgeport, Connecticut, has filed this complaint under 42 U.S.C. § 1983. Plaintiff names over 100 defendants, including police officers, state court judges, state marshals, public defenders, prosecutors, a court reporter, the Mayor of Bridgeport, and several news reporters. After initial review, I will dismiss the complaint with leave to file an amended complaint to the extent plaintiff wishes to file a coherent complaint against one or more defendants who may be properly joined in one action.

### BACKGROUND

    Plaintiff's complaint runs 69 pages long and features about 270 single-spaced paragraphs. Doc. #1. Plaintiff has additionally filed 441 pages of exhibits in support of his complaint. Doc. #10. The complaint includes allegations spanning a time period from July 2016 through November 2017 against 137 defendants, most of whom are identified simply as Jane or John Doe. Doc. #1 at 1–5. Each defendant's address is listed as being in "BRIDGEPORT, Connecticut Republic, near [06604]." *Ibid.* Plaintiff describes himself as

> A[n] American National, A free Common Man, being held and compelled to participate with unlawful proceedings to remove the threat of violence from his life under threat, Coercion, Protest, and duress, against his will, and being denied

1

of his Creator Endowed rights, Life, Liberty and Pursuit of Happiness Protected and Secured by the United States Constitution, violating Plaintiff's legal Rights, causing him Injury, loss, and harm by people of the CITY OF BRIDGEPORT, STATE OF CONNECTICUT, in their individual capacity who at all times was relevant to this Complaint.

*Id.* at 7 (¶ 3).

Much of the complaint concerns two of plaintiff's criminal cases in state court. The first began with his arrest and the search of his place of business by Bridgeport police detectives on July 16, 2016, pursuant to a warrant issued the previous day by a state court judge. *Id*. at 7–22, 25–44. This case was ultimately resolved when plaintiff pleaded guilty to charges of violating probation, interfering with an officer, and failure to appear on May 3, 2017. *See State v. Washington*, F02B-CR16-0289437-S (Conn. Super. Ct.); *State v. Washington*, F02B-CR16-0293669-S (Conn. Super. Ct.).

The second case began with plaintiff's arrest and the search of his home and place of business on July 28, 2017, pursuant to a warrant issued that same day by another state court judge. Doc. #1 at 46–57, 59–61. Plaintiff was charged with attempted murder, assault, illegal possession of a firearm, and illegal discharge of a firearm; this case does not appear to have been resolved. *See State v. Washington*, FBT-CR17-0297610-T (Conn. Super. Ct.).

The complaint also includes allegations about two incidents, on November 29, 2016, and February 10, 2017, when Bridgeport police officers allegedly stopped plaintiff as he drove around Bridgeport. Doc. #1 at 23-25, 35. In addition, the complaint includes allegations pertaining to another state court matter involving a protective or restraining order issued based on allegedly "unsubstantiated" and "malicious" allegations against plaintiff by one Quesha Rogers. *Id*. at 58, 65-67.

The complaint additionally includes claims against reporters with News Channel 12 and the Connecticut Post regarding their coverage of his arrests and prosecution. *Id*. at 11, 62-64. Finally, the complaint discusses the actions plaintiff has already taken to pursue his various grievances, including filing a complaint with the Connecticut Grievance Committee, the Connecticut Judiciary Committee, and with the Bridgeport Police Department Internal Affairs Unit. *Id*. at 44–45, 62.

Although plaintiff's complaint raises numerous specific allegations of wrongdoing, the overall thrust appears to be that the various Connecticut state officials with whom plaintiff interacted in the course of his dealings with the criminal justice system acted without what plaintiff considers to be proper authority. One judge, for example, allegedly acted "without consent from Congress in the form of a certified delegation of authority order, a sworn and subscribed OATH OF OFFICE, a oath of ethics, or a bond number ever being presented" when she authorized what plaintiff describes as "a unlawful illegal and frivolous search and seizure warrant." *Id*. at 7. Versions of this same litany—describing the ways in which plaintiff believes that Connecticut officials should have demonstrated their legitimate authority—recur many times throughout the complaint. Because plaintiff views all of the court proceedings in his cases to have been fundamentally illegitimate in this fashion, he alleges that everyone who took part— from the police officers who executed the search warrants to even the court reporters who "took notes from the begining [sic] to the end of both hearings participating and never intervening or reporting the fraud being perpetrated on the court through the miscarriage of justice and abuse of power," *id*. at 13—was thereby committing some unspecified crime and/or depriving plaintiff of his various constitutional rights.

Plaintiff filed this action on November 21, 2017, seeking monetary relief and a declaratory judgment stating that his constitutional rights have been violated. *Id*. at 68. All defendants are sued solely in their individual capacities. *Id*. at 6–7.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. Ultimately, however, a complaint must allege enough facts—as distinct from legal conclusions—to establish plausible grounds for relief. *See generally Nielsen v. Rabin*, 746 F.3d 58, 62-63 (2d Cir. 2014) (describing rules of pleading review that apply to *pro se* complaints).

Plaintiff's complaint fails for several reasons. First, it does not comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings must contain "a short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The point of Rule 8 is to relieve the Court and defendants alike of the "unjustified burden" of having "to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Dismissal of a complaint is generally reserved for those cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ibid*. This is exactly such a case. Plaintiff's 69-page, 270-paragraph complaint rambles with little or no clear narrative structure, and it easily qualifies under this

standard. *See, e.g.*, *Shabtai v. Levande*, 38 F. App'x. 684, 686 (2d Cir. 2002) (affirming dismissal with prejudice of complaint with 140 single-spaced pages and more than 900 paragraphs). The complaint is so muddled and incoherent that it is difficult or impossible for the Court to discern whether any of plaintiff's allegations might give rise to a valid cause of action that did not depend on his fantastical core contention that the State of Connecticut is altogether lawless and illegitimate.

In addition, it is readily apparent that the complaint also fails to comply with the limits on permissive joinder of claims against multiple defendants under Rule 20(a)(2). Joinder of claims against multiple defendants is permitted by this Rule if two criteria are met: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, the complaint amounts to a running monologue of all the wrongs that plaintiff believes occurred over more than a year. At each stop along the way there are cameo appearances from different named officials who plaintiff believes mistreated him, and there is little indication that any one defendant's misconduct was ongoing. It is clear that there are no common questions of law or fact that tie all these alleged wrongs against all of the defendants together—again, setting aside plaintiff's core thematic contention that all defendants ostensibly lacked legitimate authority for their actions. I therefore conclude that the claims are not properly joined in this action and the complaint does not comply with Rule 20. In such circumstances, a plaintiff is required to file separate lawsuits against each defendant or against each group of defendants who acted in concert with one another or as to whom plaintiff's claims are logically connected to one another. *See Tuttle v. Semple*, 2017 WL 5711397, at *2 (D. Conn. 2017).

If a complaint is dismissed for failure to comply with joinder rules, courts generally grant leave to amend the complaint. *See, e.g.*, *Nielsen*, 746 F.3d at 62; *Salahuddin*, 861 F.2d at 42. Accordingly, plaintiff may file an amended complaint or multiple complaints each of which comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. The amended complaint(s) should include only related claims and shall list only the defendants involved in those claims in the case caption.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED in its entirety, without prejudice, for failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. Plaintiff may file an amended complaint (or more than one complaint) that complies with the Federal Rules of Civil Procedure by June 25, 2018. If plaintiff does not file an amended complaint (or amended complaints) by that date, the Court intends to dismiss this case.

It is so ordered.

Dated at New Haven this 24th day of May 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge